1

2

3        UNITED STATES DISTRICT COURT
4      WESTERN DISTRICT OF WASHINGTON
              AT TACOMA
5

ANNE K. BLOCK,                          CASE NO. C18-5579 BHS
6
                        Plaintiff,       ORDER GRANTING
7        v.                              DEFENDANTS' MOTION TO
                                         DISMISS AND PLAINTIFF'S
8   KING COUNTY SUPERIOR COURT,          MOTION FOR AN EXTENSION
    et al.,                              OF TIME
9
                        Defendants.
10

11        This matter comes before the Court on the motion to dismiss by Defendants

12   Amanda Butler, William Clem, Disend, PLLC, Keating Bucklin, McCormack, Inc.,

13   Shannon Ragonesi, and Ann Marie Soto ("Defendants") (Dkt. 14); and Plaintiff Anne

14   Block's ("Block") motion for an extension of time (Dkt. 17). The Court has considered

15   the pleadings filed in support of and in opposition to the motion and the remainder of the

16   file and hereby rules as follows:

17              I.   PROCEDURAL HISTORY

18        On July 2, 2018, Block filed a complaint against numerous defendants in Pierce

19   County Superior Court for the State of Washington. Dkt. 1-1. Block asserts claims for

20   violations of "the Americans with Disabilities Act (ADA), the First Amendment of the

21   United States Constitution, and 14th Amendment, in order to obstruct the due course of

22

justice in pending suits involving Plaintiff, and future rights to access public records and file suits seeking relief under RCW 42.56." *Id*. ¶ 1.1.

On July 18, 2018, Defendants removed the matter to this Court. Dkt. 1.

On July 25, 2018, Defendants moved to dismiss. Dkt. 14. On August 14, 2018, Block filed a motion for extension of time and responded. Dkts. 17, 18.[1] On August 15, 2018, Defendants replied. Dkt. 19.

## II.  DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, Defendants argue that Block's claims against them should be dismissed as a matter of law because they are entitled to absolute immunity. Dkt. 14 at 6–8. The Court agrees, and Block offers no plausible argument to the contrary. Instead,

---

[1] The Court grants the motion for an extension of time based on Block's alleged difficulties with the Court's electronic filing system.

Block argues, without citation, that the Washington constitution does not allow for absolute immunity. Dkt. 18 at 8. Block offers no authority for this proposition and fails to present a plausible argument to extend any other authority to limit the privilege of absolute immunity. Thus, the Court rejects this argument.

Next, Block asserts that absolute immunity does not bar claims for abuse of process. Dkt. 18 at 8. Again, she fails to cite any authority for this proposition. Thus, the Court rejects the argument.

Finally, Block cites a number of federal cases for the proposition that absolute immunity does not apply to federal claims for an abuse of process or acting without probable cause. Dkt. 18 at 9–11. None of these authorities stand for the proposition she claims they stand for, and she fails to offer any plausible argument for a reasonable extension of the law. Therefore, the Court rejects all of Block's arguments against the application of absolute immunity. Accordingly, the Court grants Defendants absolute immunity against Block's claims.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 14) and Block's motion for an extension of time (Dkt. 17) are **GRANTED**. The Clerk shall terminate Defendants.

Dated this 28th day of September, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge