UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNE K. BLOCK,<br><br>             Plaintiff,<br><br>    v.<br><br>KING COUNTY SUPERIOR COURT, et al.,<br><br>             Defendants. | CASE NO. C18-5579 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTION TO STAY DISCOVERY AS MOOT, AND GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME |

This matter comes before the Court on Defendants Beth Andrus, Laura Inveen, King County ("County"), King County Superior Court ("KCSC"), Michael Scott, and Julie Spector's ("Defendants") motion for summary judgment, Dkt. 21, and motion to stay discovery, Dkt. 22, and Plaintiff Anne Block's ("Block") motions for extension of time, Dkts. 25, 29. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On July 2, 2018, Block filed a complaint against numerous defendants in Pierce County Superior Court for the State of Washington. Dkt. 1-1. Block asserts claims for violations of "the Americans with Disabilities Act (ADA), the First Amendment of the

ORDER - 1

United States Constitution, and 14th Amendment, in order to obstruct the due course of justice in pending suits involving Plaintiff, and future rights to access public records and file suits seeking relief under RCW 42.56." *Id*. ¶ 1.1.

On July 18, 2018, Defendants removed the matter to this Court. Dkt. 1.

On October 4, 2018, Defendants moved for summary judgment and to stay discovery. Dkts. 21, 22. On October 23, 2018, Block moved for an extension of time to respond because she was out of the country and was having computer problems. Dkt. 25. On October 26, 2018, Defendants responded and opposed Block's motion. Dkt. 26. On October 30, 2018, Block filed a response to Defendants' motion for summary judgment and another motion for an extension of time to respond. Dkts. 28, 29.[1]

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

---

[1] The Court grants Block's motions for extension of time to respond because Defendants have failed to show prejudice if the Court considers Block's response.

ORDER - 2

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.  Merits**

In this case, Defendants move for summary judgment on all of Block's claims arguing that Block is not entitled to her requested relief when another adequate remedy at law exists and that the individual judges are entitled to absolute immunity. The Court

agrees with both arguments. Regarding judicial immunity, judges are generally afforded absolute immunity when functioning in their official capacities. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (state circuit judge is immune from suit for all actions within his jurisdiction). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Id.* at 362. Even injunctive relief is precluded under § 1983 "unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996).

Block fails to submit any relevant evidence in support of her claims against the individual judges. As such, she fails to establish that any judge was acting outside his or her judicial capacity, violated a declaratory decree, or acted on a matter in which declaratory relief was unavailable. Therefore, the Court grants Defendants' motion on Block's claims against the individual judges because they are entitled to judicial immunity.

Regarding the County and the KCSC, it is well-established "that the extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (citations omitted); *U.S. Alkali Export Ass'n v. United States*, 325 U.S. 196, 202–03 (1945). Defendants have established that Block may appeal the decisions of the judges of the KCSC, which precludes injunctive relief or a writ of mandamus. Block fails to cite any authority to the contrary and fails to submit any evidence establishing a question of fact

on these issues. Therefore, the Court grants Defendants' motion on Block's claims against the County and KCSC.

Finally, Block requests a continuance under Rule 56(d) "so she can explore during discovery, exactly what precedent the court is being asked to make, by conducting discovery on legislative history as well as the specific facts of this case." Dkt. 28 at 5–6. This request fails to meet the burden of establishing by affidavit facts necessary to justify an opposition. Fed. R. Civ. P. 56(d). Therefore, the Court denies Block's request to defer ruling on Defendants' motion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment, Dkt. 21, is **GRANTED**, Defendants' motion to stay discovery, Dkt. 22, is **DENIED** as moot, and Block's motions for extensions of time, Dkts. 25, 29, are **GRANTED**.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 14th day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge